In the Matter of the Registration of CASSIUS A. HAMILTON and Others in the First Election District of the Town of Canton as Voters.

*Boards of registration — action thereof in registering the names of voters is ministerial only — section* 37 *of chapter* 680 *of* 1892 — *what order of the court may be made thereunder.*

The boards of registration of the several election districts of the State act only ministerially in receiving and registering the names of voters, and must, therefore, register all who conform, on their application for registration, to the formal requirements of law, and must refuse registration to any who fail so to do.

It is only when such boards fail in the discharge of such ministerial duty that a judge, under the provisions of section 37 of chapter 680 of the Laws of 1892, can compel by order the performance of such ministerial duty, and no power is conferred upon a judge under such section, upon a summary application, to determine, upon the facts and law, the right of a citizen to register and vote without regard to the question of conformance on his part or on the part of the board of registration, with the formal requirement of the statute regulating the registration of voters.

APPEAL by Cassius A. Hamilton and others, from four orders made by a justice of the Supreme Court at Albany, N. Y., each entered in the office of the clerk of the county of St. Lawrence on the 28th day of January, 1893, directing that their names be respectively struck from the register of voters in election district No. 1 of the town of Canton.

*Everett Caldwell*, for Cassius A. Hamilton and others, appellants.

*Henry A. Peckham*, for Nelson L. Robinson, an elector, respondent.

MAYHAM, P. J.:

On the 4th day of November, 1892, a justice of this court made four separate orders each separately relating to one of the four persons whose names were ordered to be stricken from the registry of voters, which orders were, with the exception of the name stricken from the registry, in the following form:

" IN THE SUPREME COURT.

"In the Matter of the Registration of
CASSIUS A. HAMILTON in the First
Election District in the Town of Can-
ton as a Voter.

"Application having been made to me for an order directing the name of said Cassius A. Hamilton to be stricken from the list or register of voters of the first election district of the town of Canton in the county of St. Lawrence for the general election to be held November 8th, 1892.

"Upon reading the duly verified application of Nelson L. Robinson and the affidavits of Nelson L. Robinson and Isaac M. Atwood, the certificate of the board of inspectors of said election district as to the proceedings in said matter before it, said proceedings and the annual catalogue of St. Lawrence University for 1891–2 in support thereof, and the affidavits of Cassius A. Hamilton, George R. Hardie, Charles Y. Fullington, Fred Birney Van Ornum, Frank N. Cleveland, James H. Christie, and after hearing Henry A Peckham, Esq., for Ledyard P. Hale, Esq., opposing such application, I do hereby order and direct Frank N. Cleveland and Benjamin F. Cleflin and Sylvester N. Judd, constituting the board of inspectors for the registry of voters in and for said election district for said election, to strike from such list or register of voters in and for said election district for said election, the name of Cassius A. Hamilton."

From such orders each of the persons whose names were stricken from the register of voters appeals, and as all of the appeals involve the same question they have been argued together. The learned judge who granted the orders from which the appeals are taken wrote no opinion, and we have no means farther than we may gather from the statute under which the application to him was made, of determining what his construction of section 37 of chapter 680 of the Laws of 1892 was. The manifest effect, however, of the order made by him was to establish the doctrine that a judge, upon a summary application under the provisions of that section, may determine the right of the citizen to register and vote, upon the facts and law, without regard to the question of conformance on his part, or

on the part of the board of registration, with the formal require-ment of the statute regulating the registration of voters.

As the board of registration act only ministerially in receiving and registering the name of the voter, and must, therefore, register all who conform in their application for registration to the formal requirements of law (*People ex rel. Stapleton* v. *Bell*, 119 N. Y. 175), and must refuse registration to any who may fail in such con-formation, it is only when such board fail in the discharge of such ministerial duty that the judge under the provisions of the act of 1892 (*supra*) can compel by order the performance of such minis-terial duty.

The orders of the judge from which these appeals were taken went much further in their effects, and assumed to pass upon the legal right of these appellants to be registered and to vote, and while they may have correctly determined that question their effect was too far reaching in its consequences to be determined in so summary a manner, and we do not think that that question was properly before the judge for determination.

In *The People ex rel. Stapleton* v. *Bell* (*supra*) it was held that a board of inspectors of election has no discretionary power to reject the vote of a person who, upon the application of the statutory test, has shown himself to be a qualified voter ; and that the lawfulness of a vote cannot be determined until it has been received ; and that the elector's right cannot be annulled without a trial. Tested by this rule, we think, the orders of the judge directing the inspectors to strike these names from the list of registry of voters was erroneous and must be reversed.

PUTNAM, J., concurred in result.

Order reversed.